HARTFORD LIFE & ANNUITY INSURANCE COMPANY v. JAMES P. CUMMINGS ET AL.

FILED JANUARY 7, 1897.    No. 8702.

Interpleader: INSURANCE: GARNISHMENT: INJUNCTION. The beneficiary of a life insurance policy was indebted to a bank domiciled in Douglas county, Nebraska. The bank sued the beneficiary in Connecticut, in the county of the domicile of the insurance company, and caused the latter to be attached as garnishee. An execution issued on the judgment rendered in this action having been returned unsatisfied, the bank instituted there a *scire facias* proceeding against the insurance company. The insurance company made no appearance to either of these proceedings. Before judgment in the *scire facias*, one Cummings, in said Douglas county, sued the insurance company to recover the amount owing by it on said policy, claiming to be the owner of the same as assignee of the beneficiary. The insurance company appeared in this action, and, before answer, filed an affidavit reciting that the action of Cummings was based upon a contract for the recovery of personal property; that the bank, without collusion with it, made claim to the subject-matter of Cummings' action; that it, the insurance company, was ready to pay the money in its hands as the court might direct, and moved the court for an order requiring the bank to interplead in the action and maintain or relinquish its claim against it, the insurance company. Cummings had not appeared in any of the proceedings had in the Connecticut court, nor had that court any jurisdiction over him. *Held*, (1) Construing section 48 of the Code of Civil Procedure, that the insurance company

was entitled to an order requiring the bank to interplead in the action; (2) to an order permitting it to pay the fund in its hands into the custody of the court, and on so doing to be dismissed from the case and discharged of all liability for that fund, both to Cummings and the bank; (3) that if the insurance company saw fit to remain in the case and defend the action of Cummings, it was entitled to an order enjoining the bank from further prosecuting its *scire facias* proceeding pending in the court of Connecticut until the final determination of the action at bar.

ERROR from the district court of Douglas county. Tried below before FAWCETT, J. *Reversed.*

The opinion contains a statement of the case.

*Warren Switzler*, for plaintiff in error:

The facts presented make a proper case for statutory interpleader. (3 Pomeroy, Equity Jurisprudence, secs. 1320, 1329; Rood, Garnishment, sec. 331; *Fitch v. Brower*, 42 N. J. Eq., 300; *Bishop v. Holcomb*, 10 Conn., 444; *Vanbuskirk v. Hartford Fire Ins. Co.*, 14 Conn., 140; *Coleman v. Scott*, 27 Neb., 77; *McWhirter v. Halsted*, 24 Fed. Rep., 828; *City of Atlanta v. McDaniel*, 22 S. E. Rep. [Ga.], 896; *Brock v. Southern R. Co.*, 22 S. E. Rep. [S. Car.], 601; *Crane v. McDonald*, 118 N. Y., 648; *Allen v. Buchanan*, 97 Ala., 399.)

The insurance company should have been allowed to pay the money into court and be dismissed, and the bank should have been enjoined from prosecuting its action in Connecticut. (2 Story, Equity Jurisprudence, sec. 900; 3 Pomeroy, Equity Jurisprudence, secs. 1318, 1320; Reno, Non-Residents, sec. 170; *Dehon v. Foster*, 4 Allen [Mass.], 545; *Cole v. Cunningham*, 133 U. S., 107; *Cunningham v. Butler*, 142 Mass., 47; *Green v. Van Buskirk*, 74 U. S., 139.)

*W. W. Morsman*, for Omaha National Bank.

References: *Crane v. McDonald*, 23 N. E. Rep. [N. Y.], 991; *Chicago, B. & Q. R. Co. v. Moore*, 31 Neb., 629; Greenhood, Public Policy, p. 500; *Burck v. Taylor*, 152 U. S., 646; *Griggs v. Landis*, 19 N. J. Eq., 351; *Matth. s v. Smith*, 13 Neb., 178; *Turner v. Sioux City & P. R. Co.*, 19 Neb., 241; *Wright v. Chicago, B. & Q. R. Co.*, 19 Neb., 176; *American*

*Central Ins. Co., v. Hettler*, 37 Neb., 849; *Taylor v. Taintor*, 16 Wall. [U. S.], 370; *Fitzgerald v. Fitzgerald*, 44 Neb., 463; *Prugh v. Portsmouth Savings Bank*, 48 Neb., 414.

*John O. Yeiser*, for James P. Cummings.

RAGAN, C.

July 24, 1895, Martin M. Marshall died. His life was insured for $5,000 in the Hartford Life & Annuity Insurance Company, hereinafter called the insurance company. His wife Mary was the beneficiary named in the insurance policy. At the date of her husband's death Mrs. Marshall was indebted to the Omaha National Bank, hereinafter called the bank. August 5, 1895, the bank brought suit in the state of Connecticut, in the county of the domicile of the insurance company, against Mrs. Marshall and caused the insurance company to be attached as garnishee. The insurance company was duly served with process in the attachment and garnishee proceedings, but made no appearance therein. A duly attested copy of the summons and complaint in the proceeding of the bank against Mrs. Marshall was, on August 6, 1895, served on her by leaving the same with the secretary of the insurance company. Mrs. Marshall was not otherwise served with process in the action and made no appearance therein. March 18, 1896, the court in Connecticut rendered judgment that the bank recover of Mrs. Marshall out of the attached money in the hands of the insurance company the sum of $——. An execution was issued on this judgment and returned March 31, 1896, wholly unsatisfied. Thereupon the bank, in pursuance of the provisions of the statute of Connecticut, instituted a *scire facias* proceeding against the insurance company and prayed for a judgment against it for the amount of the bank's claim against Mrs. Marshall to the extent of the money owing by the insurance company on the insurance policy. Prior to the bank's judgment in attachment against Mrs. Marshall, to-wit, November 18, 1895, James

P. Cummings brought this suit in the district court of
Douglas county against the insurance company on the
policy issued on the life of Martin M. Marshall, claiming
to be the owner of said policy and entitled to collect the
$5,000 due thereon by virtue of an oral assignment
thereof to him August 5, 1895, made by Mrs. Marshall.
The insurance company was duly summoned in this ac-
tion, and November 19, 1895, before answering, its attor-
ney filed in the case an affidavit reciting that he was the
duly authorized attorney of the insurance company; that
the insurance company was a corporation; that the claim
of Cummings was based upon a contract for the recovery
of personal property; that the bank was a corporation
organized under the laws of the state of Nebraska having
its principal place of business in said Douglas county, and
that the bank, without collusion with the insurance com-
pany, made a claim to the subject-matter of the action;
that the insurance company was ready to pay the amount
claimed upon order of the court,—and thereupon moved
the court for an order on the bank to interplead in the
action.    On the same day the district court made an
order that the bank appear on the 30th of December,
1895, and file its answer maintaining its claim to the said
sum, the $5,000 claimed by Cummings from the insurance
company, and in default thereof that it relinquish its
claim against the insurance company for said sum of
money.   On the 27th day of November, 1895, the bank
appeared in the action and moved the court to require
Cummings to give security for costs and on the same date
moved the court for an order requiring Cummings to
make his petition more definite and certain.   April 27,
1896, the bank asked and obtained leave to plead in
twenty days.   On May 13, 1896, the bank moved the
court for an order to suspend further proceedings in the
case until the *scire facias* proceedings instituted by it in
Connecticut against the insurance company should be
finally determined.   June 13, 1896, the insurance com-
pany moved the court for an order overruling this last

motion made by the bank and for an order, upon its pay-
ing the $5,000 in controversy into court, enjoining the
bank from further prosecuting its *scire facias* proceeding
pending in Connecticut, and a further order that it, the
insurance company, might thereupon be discharged from
any further liability as to said fund both to the bank and
Cummings.  At this time the bank amended its motion
to suspend proceedings in the case at bar into a motion
to vacate the order made by the court requiring the bank
to appear and interplead.  The court overruled the
motion of the insurance company and sustained the
amended motion of the bank and entered a judgment dis-
missing the bank from the case.  At the time Cummings
brought this suit, and at the time the bank appeared in
the cases in obedience to an order of the court for it to
interplead, the court in Connecticut had obtained no
jurisdiction over him, if it can be said that it has since
obtained such jurisdiction.  To reverse the judgment of
the district court dismissing the bank from the action
the insurance company prosecutes a petition in error
here.

It will thus be seen that the insurance company has in
its hands $5,000, money owing by it on the policy issued
to Martin M. Marshall.  The bank claims this money
by virtue of its judgment proceedings against Mrs. Mar-
shall in the court of Connecticut, while Cummings claims
it by virtue of an assignment of the policy to him by Mrs.
Marshall, the beneficiary thereof.  Section 48 of the Code
of Civil Procedure is as follows: "Upon the affidavit of a
defendant before answer in an action upon contract, or
for the recovery of personal property, that some third
party, without collusion with him, has or makes a claim
to the subject of the action, and t.. ..e is ready to pay
or dispose of the same, as the court may direct, the court
may make an order for the safe keeping, or for the pay-
ment, or deposit in court, or delivery of the subject of the
action, to such person as it may direct, and an order re-
quiring such third party to appear in a reasonable time

and maintain or relinquish his claim against the defendant. If such third party, being served with a copy of the order by the sheriff, or such other person as the court may direct, fail to appear, the court may declare him barred of all claim in respect to the subject of the action, against the defendant therein. If such third party appear, he shall be allowed to make himself defendant in the action in lieu of the original defendant, who shall be discharged from all liability to either of the other parties in respect to the subject of the action, upon his compliance with the order of the court for the payment, deposit, or delivery thereof." This statute is a substitute for the chancery rule or remedy of interpleader. The rule was applied on the theory that at law no adequate protection was afforded a defendant sued for a fund or property in his possession and claimed by some person not a party to the suit. But the statute just quoted is broader than the chancery rule. Under the statute a defendant sued for a fund or property in his hands is entitled to an order compelling a third party claiming such fund or property to interplead in the action, even though the defendant might successfully defend the suit, the theory of the statute being to avoid multiplicity of suits, to protect the party holding the fund or property from being put to the costs and expense of defending against claimants for property in his hands which he himself does not claim. Under the chancery rule a party in the possession of a fund or property claimed by two or more parties, before being sued by either of them, might by bill filed for that purpose compel the claimants to come in and set up their claims to the fund or property and on paying the money or delivering the property into the custody of the court be discharged from any further liability to all of said parties for such property or fund. In other words, the fact that the holder of the fund or property was aware of conflicting claims of other parties thereto and was in danger of being sued by said parties enabled such holder to successfully invoke the protection of a court of chan-

cery. (*Newhall v. Kastens*, 70 Ill., 156; *Richards v. Salter*, 6 Johns. Ch. [N. Y.], 445.) In *McWhirter v. Halsted*, 24 Fed. Rep., 828, the court, speaking of the chancery practice as to interpleaders, said: "The best elementary writers say that an interpleader is properly applied where two or more persons severally claim the same thing under different title or in separate interests from another person, who, not claiming any title or interest therein himself and not knowing to which of the claimants he ought of right to render the debt, is either molested by an action brought against him, or fears that he may suffer injury from the conflicting claims of the parties." In the case at bar the insurance company has been sued by Cummings for the fund in its hands in the courts of this state. The bank is also claiming the fund in the hands of the insurance company in a suit pending in the courts of the state of Connecticut, to which suit Cummings is not a party and over whom the Connecticut court has no jurisdiction. In this suit the district court of Douglas county has jurisdiction of all the parties who claim this fund as well as of the holder thereof. If the statute quoted above was not in force, these facts would authorize the order made by the district court for the bank to interplead in this action and set up its claim to the fund in the hands of the insurance company. But this is not all. It appears that the assignment made of the insurance policy by Mrs. Marshall to Cummings was an oral assignment and that no notice of such an assignment was given to the insurance company prior to the time the bank attached the debt owing by the insurance company on the policy. Under such a state of facts the holding of the Connecticut courts is that the attaching creditor acquires a lien upon the fund superior to the lien of the assignee. (*Bishop v. Holcomb*, 10 Conn., 444; *Van Buskirk v. Hartford Fire Ins. Co.*, 14 Conn., 141.) While the rule in this state is that a creditor who attaches a chose in action acquires only a lien upon the interest which the defendant in the attachment suit had therein at the time the chose in action was seized. (*Coleman v. Scott*, 27 Neb., 77.)

It will thus be seen that not only are there rival claimants of the fund in the hands of the insurance company and that it has been sued by two different parties in different jurisdictions for the fund, but that if the bank is allowed to prosecute its *scire facias* proceeding in the courts of Connecticut and not be compelled to interplead in this action, the insurance company is liable to have to pay the debt it owes twice. The insurance company has brought itself within the provisions of section 48 of the Code quoted above, and we think the facts of the case justified the order made by the district court requiring the bank to interplead in this action, and, without quoting the evidence introduced on the hearing of the motion to dismiss the bank from the case, we think the district court erred in making that order. The insurance company was entitled to an order permitting it to pay the fund in its hands into the custody of the court, and upon so doing to be dismissed from the case and to be discharged of all further liability for that fund, both to Cummings and the bank; or if it saw fit to remain in the case and defend the action of Cummings, it was entitled to an order enjoining the bank from further prosecuting its *scire facias* proceeding pending in the courts of Connecticut until the final termination of the action at bar. The judgment of the district court is reversed at the cost of the bank and the cause remanded for further proceeding in accordance with this opinion.

REVERSED AND REMANDED.