CHARLES D. CUMMINS v. PEOPLE'S BUILDING, LOAN & SAVINGS ASSOCIATION.

FILED MAY 22, 1901. No. 9,378.

**Mere Retention of a Thing Lawfully Obtained is Not Conversion.**
The mere retention of possession of a certificate of stock belonging to another, which came to the possessor rightfully, does not constitute a conversion of either the stock or certificate.

ERROR from the district court for Cass county. Tried below before RAMSEY, J. *Affirmed.*

*D. O. Dwyer,* for plaintiff in error.

*Robert B. Windham, contra.*

NORVAL, C. J.

Charles D. Cummins purchased of one Sallie Thomas certain shares of stock in the People's Building, Loan & Savings Association, of New York, the certificate therefor being by Thomas duly indorsed and delivered to him. He transmitted the certificate, together with the proper fee, to the secretary of the association and demanded that he enter the transfer upon the books of the corporation. To this demand the secretary replied as follows: "We have your favor of the 3rd enclosing certificate No. 3565 for transfer from Sallie Thomas to yourself. This certificate is security, under the articles of ass'n and by-laws for the payment of the mortgage given by Sallie Thomas to the Ass'n for $500 and we cannot transfer it to you except subject to our prior interest, until the indebtedness under said mortgage is paid." Without making any demand for the return of said certificate, Cummins sued the corporation for conversion of said certificate and shares of stock. Defendant answered, denying the conversion and setting up the foregoing facts, also that after suit was commenced, it tendered back to plaintiff said certificate of stock, together with the postal notes by means of which the transfer fees, and certain dues on said stock had been transmitted to it by plaintiff, which tender was refused; and on trial it again tendered them in open court. Trial was without a jury. Judgment was for defendant, from which plaintiff prosecutes error.

The judgment was right, and must be affirmed. There was no evidence to sustain a finding of even a technical conversion of either the stock itself, or of the certificate which evidenced it. There is no claim that plaintiff has ever been deprived of any of his rights as a shareholder in the corporation. There could be no conversion of the stock itself, though defendant had the certificate in its possession, for it was indorsed from Thomas to plaintiff, and defendant could, therefore, not make use of it, for it did

not have plaintiff's indorsement. Defendant came right-fully into possession of the certificate, and could not have converted it, for no demand or refusal was pleaded or proved, nor was any other evidence offered tending to show a conversion of the certificate or of the stock itself. *Daggett v. Davis*, 53 Mich., 35, and cases there cited. As the case was for the conversion of the stock and certificate, plaintiff's claim that he should have recovered at least for the money advanced defendant for transfer fee and dues is not well taken. That question was not in issue, the suit being strictly for conversion of the certificate and stock.

The judgment of the lower court is, therefore,

AFFIRMED.