[No. 12754. Department One. December 23, 1915.]

JOSEPH SLISCOVICH, *Appellant*, v. SCANDINAVIAN-AMERICAN BANK *et al.*, *Respondents.*[1]

ESCROWS—CORPORATE STOCK—LIABILITY OF ESCROW—REDELIVERY—DETERMINATION OF OWNERSHIP—"CONVERSION." Where a bank was escrow holder of mining stock at the request of both the owner and the attorney for a proxy holder claiming an irrevocable five-year voting proxy the purpose of which was to give control of the corporation, it is not a conversion to refuse to deliver the stock on the owner's demand within the five years, where the bank had received the stock from the attorney and offered to surrender it if the owner would obtain the consent of the proxy, who claimed an interest in it under a contract with the owner, and the bank afterwards deposited it in court for the benefit of the party entitled to it; since a reasonable *bona fide* detention for the purpose of ascertaining the true ownership does not constitute a conversion.

APPEAL—REVIEW—INVITED ERROR. In an action for conversion, error cannot be predicated upon the dismissal of an intervener upon appellant's motion therefor, since the error was invited.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered November 21, 1914, upon the pleadings, dismissing an action for conversion, after a hearing before the court. Affirmed.

*Willett & Oleson*, for appellant.

*Ballinger, Battle, Hulbert & Shorts*, for respondents Scandinavian-American Bank *et al.*

*F. J. Carver*, for respondent Schick.

[1]Reported in 153 Pac. 1077.

MOUNT, J.—This action was brought in conversion, to recover from the Scandinavian-American Bank and J. F. Lane, its cashier, $200,000. After the issues were made up, the trial court dismissed the case as to the bank and Lane upon a motion for judgment upon the pleadings. The plaintiff has appealed from that order.

The facts as shown by the pleadings are as follows: The plaintiff, on July 3, 1911, wrote a letter addressed to Mr. J. F. Lane, in care of the Scandinavian-American Bank, Seattle, Washington, as follows:

"Dear Sir:—Please find enclosed herewith certificate number four (4) for 2,199 shares of stock in the North Alaska Mining Co. I have this day given to Jacob Schick an irrevocable proxy for the voting of this stock and it is my intention in giving this stock to you, that the same shall be held by you to the end that the said Jacob Schick shall have full and absolute control of the corporation by reason of having the voting of this stock, and that said control shall last for a period of five years from the date of this letter, and if any one shall question Mr. Schick's control you are requested to show them this letter or to explain to them the contents thereof.          Yours very truly,
                                        "Joseph Sliscovich."

This letter was given to Mr. F. J. Carver, attorney for Mr. Schick. On July 5, 1911, Mr. Carver enclosed the mentioned stock certificate in a letter of that date, addressed to Mr. Lane, in care of the Scandinavian-American Bank, Seattle, Washington, as follows:

"Dear Sir:—Herewith enclosed find certificate of stock and letter from Mr. Joseph Sliscovich, which is self-explanatory. Mr. Sliscovich asks me to request you to acknowledge receipt of this letter and certificate.          Yours truly,
                              "F. J. Carver & John Slattery,
                                  "Per F. J. Carver."

On July 8, 1911, Mr. Lane wrote a letter to Mr. Carver, as follows:

"Dear Sir:—I beg to acknowledge receipt of your favor of the 5th inst., enclosing certificate No. 4 for 2,199 shares

of the North Alaska Mining Company in the name of Joseph
Sliscovich; also Mr. Sliscovich's letter of instructions cover-
ing the same. We shall hold the stock in escrow in conform-
ity with the terms and conditions of that letter.

"Yours very truly,

"J. F. Lane, Cashier."

Nearly two years later, namely, on March 20, 1913, Mr.
Sliscovich addressed a letter to Mr. Lane and the Scandi-
navian-American Bank, Seattle, Washington, as follows:

"Gentlemen:—You are hereby notified that I have revoked
the proxy which, on July 3, 1911, I gave to Jacob Schick
to vote my shares of stock in the North Alaska Mining Co.,
and I hereby make demand on you for possession of certifi-
cate No. 4 for 2,199 shares of stock in the North Alaska
Mining Co., delivered by me to you with the letter of July 3,
1911.                         Very truly yours,

"Joseph Sliscovich."

On March 26, 1913, Mr. Lane wrote to the plaintiff a
letter reading as follows:

"Seattle, Washington, March 26, 1913.

"Mr. Joseph Sliscovich,

"Seattle, Washington.

"Dear Sir:—Replying to your communication of March
20th, with reference to 2,199 shares of stock of the North
Alaska Mining Company, evidenced by certificate number 4,
which we received from Mr. F. J. Carver, attorney-at-law,
under date of July 5, 1911, with a letter of instructions from
you, I beg to inform you that we are advised by our attor-
neys that it would be unwise for us to deliver this stock to
you as per your request, without the consent of Mr. Jacob
Schick, who is an interested party to the deposit of this stock
in our hands. If you can secure Mr. Schick's consent to
the release of this stock by us to you, we shall be glad indeed
to be relieved of the same; otherwise we must continue to
hold it unless authorized by a court of proper jurisdiction
to surrender the same.       Yours very truly,

"F. J. Lane, Cashier."

After receiving this letter, Mr. Sliscovich brought this
action against the bank, and against Mr. Lane, alleging the

conversion of the stock by the bank, and praying for a judgment against the bank for the sum of $200,000, the alleged reasonable value of the stock. The complaint is in the usual form in conversion.

Thereafter the bank and Mr. Lane joined in an answer, setting up the facts as above stated, and alleging that Mr. Schick claimed an interest in the stock; and prayed that Mr. Schick be brought in as a party to the action, and the rights of the plaintiff and Mr. Schick be determined.

Mr. Schick was afterwards made a party to the action, appeared therein, and, among other things, alleged that he had an interest in the stock by reason of a contract which was entered into between Mr. Sliscovich and himself at the time the stock was placed in escrow in the bank.

The plaintiff, for reply to the answers of the defendants bank and Lane, and to the intervener, Mr. Schick, in substance admitted the facts stated in the letters hereinbefore quoted, but denied that Mr. Schick had any interest in the stock, and filed a motion to dismiss the complaint in intervention of Mr. Schick. The defendants bank and Lane filed a motion for judgment upon the pleadings. These motions were by the trial court granted, and the trial court entered an order reciting:

"During the consideration of said motion, defendants claiming that they and neither of them owns or claims any interest in the stock mentioned in plaintiff's complaint, and only holds possession thereof as escrow-holder, and subject to the order of the court, as set forth in the pleadings in this cause, and was willing and desirous if so directed and authorized by this court to deposit said stock in court to abide the determination of this action between plaintiff and intervener, and any order or judgment which this court may make relative thereto.

"It is therefore ordered, that said defendants deposit in this court and with the clerk of this court said stock certificate hereinafter described, to abide the decision and determination of this court between plaintiff and intervener

relative thereto, and the further order and judgment of this court relative thereto."

The appellant bases its appeal in this case upon the contention that this stock was deposited with the bank for the appellant's benefit, and that he at any time had the right to a return of the stock upon demand, and that, when the appellant demanded the stock from the bank, and it refused to deliver the stock, this was a conversion, and the bank is therefore liable for the value of the stock. This would probably be true if no third party were interested in the escrow and if there were in fact a conversion by the bank. But the pleadings very clearly show that the stock was deposited in the bank by Mr. Carver, attorney for Mr. Schick, a third party, and was received by the bank to be held in escrow, and that the bank has not converted, and does not intend to convert, the stock, but is simply holding the stock as it was requested to hold it, both by the appellant and by Mr. Carver, the agent of Mr. Schick. When the stock was demanded by the appellant from the bank, the appellant was plainly told in the letter above quoted, dated March 26, 1913, that, if the plaintiff would secure Mr. Schick's consent to the release of the stock, the bank would be glad to be relieved of the same. This shows no conversion, or intent to convert, but that the defendants bank and Mr. Lane were simply endeavoring to perform the duty which they had agreed to perform, both for the appellant and for Mr. Schick. We think no case can be found which holds, under these circumstances, that the refusal of the bank to deliver the stock to one of the persons who had been instrumental in depositing the same with the bank, could be held to be a conversion of the stock by the bank.

"A *bona fide* reasonable detention of goods by one who has assumed some duty respecting them, for the purpose of ascertaining their true ownership, or of determining the right of demandant to receive them, will not sustain an action for conversion." 38 Cyc. 2029.

We think there can be no doubt upon this point. The court therefore properly dismissed the action for conversion as to the bank and Mr. Lane. The intervention of Mr. Schick was dismissed upon the motion of the appellant and by consent of counsel for Mr. Schick. There can be no reversible error in this. If error, it was invited by the appellant.

While voluminous briefs have been filed in the case, we think it is not necessary to consider any other question than the one above decided.

The judgment appealed from is therefore affirmed.

MORRIS, C. J., ELLIS, CHADWICK, and FULLERTON, JJ., concur.