FARMING CORPORATION ET AL., APPELLANTS, V. BRIDGEPORT BANK, APPELLEE.

FILED MARCH 18, 1925.   No. 23039.

1. Conversion. A *bona fide* reasonable detention of property by one who has assumed some duty respecting it, for the purpose of ascertaining its true ownership, or of determining the right of the demandant to receive it, will not sustain an action for conversion.

2. Escrows: INTERPLEADER. An escrow holder, the depositary, cannot be made guilty of a tort in honestly attempting to find out which of the two parties concerned is entitled to the property deposited in escrow, provided there is dispute, and provided he is not partisan in what he does; and, if he makes no claim to it himself and produces it in court, the statute in regard to interpleader is available to him to protect him from the vexation and expense of litigation to decide the dispute.

APPEAL from the district court for Morrill county: RALPH W. HOBART, JUDGE. *Affirmed.*

*Ritchie, Canaday & Swenson,* for appellants.

*Williams, Hurd & Neighbors, contra.*

Heard before MORRISSEY, C. J., ROSE, GOOD and EVANS, JJ., REDICK and SHEPHERD, District Judges.

SHEPHERD, District Judge.

This is a case in which the plaintiffs sue the defendant for the conversion of $1,500 in cash and a $2,750 mortgage deposited by them in escrow with it, alleging that, because of the failure of the Bridgeport Irrigation District to extend and improve its ditches according to a contract with plaintiffs (which contract was deposited in escrow with the money and mortgage), said money and mortgage should have been returned to them, but was not, although they made due demand for the same.

The defendant, which is a bank, filed an affidavit of interpleader, in which it says that the Bridgeport Irrigation District, without collusion with the defendant or any of its officers, makes claim to the subject-matter of the action, and has notified the defendant that it expects to hold it liable if the property is delivered to the plaintiffs; that defendant has no claim to said property in its own right and is ready to dispose of it as the court may direct; that the claim of plaintiffs is based upon contract and is for the recovery of personal property; and that defendant prays an order of court requiring said Bridgeport Irrigation District to appear and maintain or relinquish its claim against the defendant.

To this affidavit of interpleader the plaintiffs file an answer, denying that their claim is for the recovery of personal property, denying that the Bridgeport Irrigation District makes claim as stated in the affidavit, denying all other allegations of said affidavit, and alleging that the action is one for conversion, and based upon a tort by the defendant.

The question was determined upon the pleadings, and the district court entered an order of interpleader, requiring defendant to deliver said property to the clerk, requiring the Bridgeport Irrigation District to appear within 30 days and maintain or relinquish its claim against the defendant, ordering that, in case said Bridgeport Irrigation District fails to appear, it shall be barred to claim said property, and providing that, in case it does appear, it

shall be substituted for the defendant. Exception was duly taken, and the case appealed to this court.

We are convinced that the order made by the district court was proper, and that its judgment in that behalf should be affirmed.

It seems plain that when an escrow contract has been made, and the property deposited, the depositary becomes the agent of both parties and becomes subject to relations of trust to each of them. This being the case, if a dispute arises between the principals over the delivery of the property, both of them claiming the same and notifying the depositary, the refusal of said depositary to deliver to the one or the other until their controversy has been determined cannot be said to be a conversion of the property. This appears from cases cited by both plaintiffs and the defendant. "A *bona fide* reasonable detention of goods by one who has assumed some duty respecting them, for the purpose of ascertaining their true ownership, or of determining the right of demandant to receive them, will not sustain an action for conversion." 38 Cyc. 2029. See *Sliscovich v. Scandanavian-American Bank*, 88 Wash. 674; *Cummins v. People's Building, Loan & Savings Ass'n*, 61 Neb. 728. The *Sliscovich* case was upon facts of close similarity to those of the case at bar.

This might not be a complete answer to the plaintiffs' contentions in this case. But in the case of *Shellenberg v. Fremont, E. & M. V. R. Co.*, 45 Neb. 487, which was a case to recover for the conversion of certain personal property, the court said:

"There is no doubt that the assertion of conflicting claims has been the occasion of frequent embarrassment to bailees, particularly common carriers, who are bound to receive goods offered for transportation, although there has been suggested no sufficient reason for excepting them from the operation of the rule by which the rightful owner is permitted to reclaim property wherever found. We are aware of exceptions to the rule, but they rest upon equitable considerations, none of which are presented by the record in

this case and need not, therefore, be noticed; but whatever may have been the embarassment and inconvenience of the bailee under the former practice, his remedy under our system, by an answer in the nature of a bill of interpleader, thus making the adverse claimant a party to the controversy, and requiring such claimants to litigate the question of title between themselves, is ample and complete."

Also, in the case of *Jaques v. Dawes*, 3 Neb. (Unof.) 752, one of the syllabus points is as follows: "One who has purchased corn relying upon the title of the seller, but who is later advised of the claims of a third party, may protect himself in the event of suit on behalf of either claimant by filing an affidavit in the nature of a bill of interpleader provided for by section 48 of the Code."

Certainly one who has bought an article is under contractual duty to pay for it which is closely akin to the duty of the escrow agent to deliver it to the proper party. And if one who is under such contractual obligation to pay for what he has purchased may resort to interpleader in case of a dispute as to the title of the porperty sold to him, the escrow agent in this case may properly protect itself by the interpleader provided by statute. It may be said that in the escrow case the depositary receives the property charged with the duty to deliver it to the proper person according to the terms of the contract. But the purchaser receives the corn, flour or other commodity which he buys with a positive duty to pay for it, and yet his obligation to do so goes no further than that he shall pay the right party, that is to say, the party who had title to it. The gist of the thing is that he cannot be made guilty of a tort in honestly attempting to find who is entitled to payment. And the statute in regard to interpleader is available to him for that purpose, and in order to protect him from loss and costs.

Our statute is, as the defendant puts it in his brief on the authority of the case of the *Hartford Life & Annuity Co. v. Cummings*, 50 Neb. 236, a substitute for the remedy of interpleader, but the statute is broader than the chancery

rule. The rule was applied on the theory that at law no adequate protection was afforded a defendant who was sued for a fund or property in his possession which was claimed by some person not a party to the suit, and to prevent the holder from being put to costs and expenses with respect to property which he does not himself claim.

Even the chancery rule, we think, would protect the appellee and uphold the trial court. In his valuable work on equity jurisprudence (5 Pomeroy Equity Jurisprudence (3d ed.) sec. 43) Professor Pomeroy says: Interpleader "depends upon and requires the existence of the four following elements, which may be regarded as its essential conditions: (1) The same thing, debt or duty, must be claimed by both or all of the parties against whom the relief is demanded. (2) All their adverse titles or claims must be dependent, or be derived from a common source. (3) The person asking the relief—the plaintiff—must not have nor claim any interest in the subject-matter. (4) He must have incurred no independent liability to either of the claimants; that is, he must stand perfectly indifferent between them, in the position merely of a stakeholder." Measured by this analysis, the bank was entitled to interpleader.

These considerations, together with the·Nebraska cases cited by the appellee, are fully persuasive to the court. We have examined the cases cited in appellants' brief with' care, but, aside from rules laid down upon a different state of facts, we find nothing in said cases to militate against the conclusion which we have reached.

The judgment of the district court is therefore

AFFIRMED.

