GEORGE S. ARNOLD *et al.* v. D. A. ARNOLD *et al.*

(CC 663)

Submitted January 19, 1943. Decided February 2, 1943.

*Emory Tyler* and *Ruth Tyler,* for plaintiffs.
*Wm. MacDonald,* for defendant Gladys B. Likin.

RILEY, PRESIDENT:

George S. Arnold, D. A. Arnold, and J. Sloan Arnold, Trustees for the Arnold Coal Company, a corporation, filed their bill of complaint in the Circuit Court of Mineral County against D. A. Arnold (as an individual), Gladys B. Likin, E. L. Judy, executor of the estate of David Arnholt, deceased, and P. J. Davis, assignee of George S. Arnold, Receiver of The First National Bank of Keyser,

each a claimant to the sum of $535.70 which plaintiffs hold and which they, by their bill of complaint, seek direction as to whom the money shall be paid. By its express allegations the bill purports to be one of interpleader. The circuit court sustained the demurrer of the said P. J. Davis, assignee as aforesaid, for the reason that "it appearing upon the face of the bill filed in this cause that D. A. Arnold, Trustee, one of the plaintiffs, * * * is also a party defendant and a claimant to the funds in the hands of the Trustees", and certified its ruling here.

The bill alleges that in 1934, the Arnold Coal Company, at a stockholders' meeting, named plaintiffs as trustees and directed its officers to convey, by deed of trust, all the corporate assets to such trustees for the purpose of winding up the affairs of the corporation. Pursuant thereto the coal company conveyed to the plaintiff trustees its assets which, at least in part, consisted of timber and timber rights on a 986-acre tract of land. Sale thereof was made by the trustees in conformity with the provisions of the deed of trust, and the trustees now hold the sum of $535.70 representing a distributive share of the preferred stock of the corporation, belonging to J. Sloan Arnold, which sum each of the aforenamed defendants claim: Arnold, as assignee under an assignment made by J. Sloan Arnold, and the other defendants as judgment creditors of said J. Sloan Arnold.

The instant certificate presents the question whether a suit may be maintained where one of three plaintiff trustees is named individually as a party defendant who, as against his co-defendants, claims the fund in controversy. Counsel for plaintiffs cite us to *Rodes, Admr.* v. *Rodes et al.*, 24 Gratt. (Va.) 256, where plaintiff as administrator joined himself with other defendants, and to *Cann* v. *Cann*, 40 W. Va. 138, 20 S. E. 910, where plaintiff as an individual sued himself as the personal representative of his father's estate. In each instance, approval of such joinder was given; but neither of the cases cited was one involving an interpleader.

In this jurisdiction, the general rule that a plaintiff, in

a bill of interpleader, must occupy an impartial position respecting the fund he seeks to have litigated between the various claimants thereto has been applied. *Amos, Sheriff v. Angotti,* 78 W. Va. 448, 88 S. E. 1094, 94 S. E. 944; see generally, Pomeroy's Equity Jurisprudence, 5th Ed., Section 1325. While it is argued that one suing in a fiduciary capacity is a legalistic person different from that same person sued in an individual capacity and that there is no reason to distinguish between an interpleader suit and cases such as *Rodes, Admr. v. Rodes, supra,* and *Cann v. Cann, supra,* the Court is of the opinion that adherence to the general rule that the prerequisite of impartiality in the stakeholder, in interpleader suits, requires the practical view that there is identity of persons in a party plaintiff suing in a fiduciary capacity and that same person sued as an individual. It therefore follows that since plaintiffs' counsel have by express allegation in the bill designated it as one of interpleader, it may not be maintained as such with D. A. Arnold, as trustee, a party plaintiff, and D. A. Arnold, an individual, as one of the parties defendant; nor may the bill be treated as one in the nature of a bill of interpleader since plaintiffs do not seek affirmative relief independent of the fact of conflicting claims of the several defendants. See generally, 30 Amer. Jur., subject, Interpleader, Section 14; also *Stephenson & Coon v. Burdett,* 56 W. Va. 109, 48 S. E. 846, 10 L. R. A. (N. S.) 748.

We cannot, however, overlook the fact that this is, in substance, a bill by trustees seeking the direction of a court of equity in a matter of paying the money constituting the fund in their hands, to the rightful claimant. That is the legal responsibility not only of the trustees collectively, but also of each trustee individually. The jurisdiction of courts of equity to lend such aid is well established. 21 C. J., subject, Equity, Section 93b. In *Downs v. Long Timber and Lumber Company,* 99 W. Va. 267, Pt. 1, syl., 128 S. E. 385, this Court held: "The jurisdiction of a court of chancery may be invoked to instruct the trustee how he shall execute the trust, where there

is an impediment to the exercise of his powers so as to render it inequitable for him to proceed without the aid of such court." See also *McCrum* v. *Lee,* 38 W. Va. 583, Pt. 2, syl., 18 S. E. 757. It may not be gainsaid that the allegations of the bill and the special prayer thereof disclose that the purpose of the suit is for direction in the matter of payment of the money in the trustees' hands to the rightful claimant thereto. True, the bill itself designates it one of interpleader, and the special prayer is, in part, one peculiar to such a bill; but applying the principle that equity regards substance rather than form, such may be regarded as surplusage. We believe the allegations of the bill, the special prayer (excluding that part thereof peculiar to a bill of interpleader), together with the prayer for general relief, require that a court of equity retain jurisdiction for the purpose above indicated. See *Cost* v. *MacGregor,* 124 W. Va. 204, 19 S. E. (2d) 599, (1942).

We so answer the question certified, and reverse the ruling of the trial chancellor.

*Reversed.*