MATILDA STRASSER ET AL., APPELLANTS, V. COMMERCIAL NATIONAL BANK, A CORPORATION, APPELLEE.

60 N. W. 2d 672.

Filed October 30, 1953. No. 33386.

*Harry Grimminger,* for appellants.

*Harold A. Prince,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This suit was commenced by Matilda Strasser and Harold G. Strasser as administrators of the estate of William J. Wiese, deceased, against the Commercial National Bank for the recovery or cancellation of a deed to certain real estate in Hall County, Nebraska. The defendant bank filed an affidavit in interpleader in which it admitted that it had possession of the deed and a check for $6,000 drawn on the defendant bank by the grantees specified in the deed, which the bank has agreed to pay. The defendant bank asserts that it has no interest in the deed or check, or to the abstract of title to the land involved. It asserts that Alfred P. Wieck and Mildred A. Wieck, the named grantees in the deed, claim said deed and an abstract of title to the land described in the deed showing a marketable title in the grantors. The defendant bank thereupon prayed for an order of the court directing it to deposit the deed, abstract, and check into court; that Alfred P. Wieck and Mildred A. Wieck be served with process and required to set forth their claims to such property; and that the defendant bank be discharged from liability upon compliance with the order made. The plaintiffs filed an answer to the affidavit in interpleader, contending that the affidavit was made in collusion with Alfred P. Wieck and Mildred A. Wieck. The trial court summarily entered an order directing the defendant bank to deposit the deed, check, and abstract of title with the clerk of the district court; ordered Alfred P. Wieck and Mildred A. Wieck to be made parties to such action, and that summons be issued in the manner provided by law; and the defendant bank, having complied with the court's order, was discharged from liability except as to costs and attorney's fees, the right to recover costs and attorney's fees being held in abeyance until the final determination of

the suit. The plaintiffs appeal from this order.

The pleadings show that plaintiffs as administrators of the estate of William J. Wiese are charged with the duty of collecting certain sums due on a real estate contract. They had in their possession a warranty deed signed and executed by the heirs of William J. Wiese, which they intended to deliver when the balance of the contract price was paid by Alfred P. Wieck and Mildred A. Wieck, the purchasers of the land. The defendant bank asked to see the deed for the purpose of examination. The attorney for the plaintiffs complied with the request, and the defendant bank refused to return it, claiming that it was an informal escrow holder. The relations between the plaintiffs and the bank became very antagonistic at this point and the commencement of the suit followed.

It is the contention of plaintiffs that they are entitled to show that there was collusion between the defendant bank and the impleaded parties, Alfred P. Wieck and Mildred A. Wieck. The issue was pleaded by the plaintiffs substantially as follows: H. A. Prince, attorney and director of the bank, is the attorney for Alfred P. Wieck; that Wieck had employed other legal counsel until the deed was given to the defendant bank for inspection; that the officers of the bank conferred with Alfred P. Wieck and Mildred A. Wieck when the summons was served; and that the interpleader proceeding was collusively agreed to as an alleged protection to the Wiecks. Plaintiffs offered evidence to sustain these allegations. Objections were made and sustained thereto. This is asserted as error on the part of the trial court.

In Farming Corporation v. Bridgeport Bank, 113 Neb. 323, 202 N. W. 911, we set forth the four required elements of the right to interplead in the following language: "(1) The same thing, debt or duty, must be claimed by both or all of the parties against whom the relief is demanded. (2) All their adverse titles or claims must be dependent, or be derived from a common source.

(3) The person asking the relief—the plaintiff—must not have nor claim any interest in the subject-matter. (4) He must have incurred no independent liability to either of the claimants; that is, he must stand perfectly indifferent between them, in the position merely of a stakeholder." It will be noted, however, that no evidence was offered in the Bridgeport Bank case concerning that part of section 25-325, R. R. S. 1943, providing "that some third party, without collusion with him, has or makes a claim to the subject of the action."

The plaintiffs contend that they had the right to contest the assertions made by the defendant bank in its affidavit of interpleader, particularly those relating to the question of collusion. We think this is true. The authorities are not in harmony as to the precedure to be followed in a situation such as we have before us. We think, however, that the rules applying to the common-law bill of interpleader as distinguished from a bill in the nature of an interpleader apply. It is the essence of an interpleader under section 25-325, R. R. S. 1943, as it was under the common-law bill of interpleader, that the party invoking the remedy shall be entirely indifferent to the conflicting claims, asserting no interest in himself in the subject matter of the dispute. An attitude of perfect disinterestedness, excluding even an indirect interest, is indispensable to the maintenance of the proceeding, and his position must be one of continuous impartiality except that the property in his possession shall be awarded to the person entitled to it. 30 Am. Jur., Interpleader, § 10, p. 220; 48 C. J. S., Interpleader, § 16, p. 55. "The position of a person seeking relief from conflicting claims, must be one of continuous impartiality. He must be, at the time he comes to the court, and must continue to be entirely indifferent between the conflicting claimants." Maclennan, Interpleader, p. 53.

The pleadings show that Alfred P. Wieck was negotiating with the defendant bank for funds with which to

complete the purchase of the lands in question. During the negotiations the defendant bank asked to see the deed by representing that it wanted to close the loan and that it desired to inspect the deed in the furtherance of that purpose. The bank thereafter retained the deed against the demands of the plaintiffs, the bank claiming that it obtained the deed for deposit until the loan was completed. This contention is specifically denied by the pleadings. The answer of the plaintiffs to the bank's affidavit of interpleader alleges that H. A. Prince is a director of the bank and its attorney as well, and that he had also represented Alfred P. Wieck in the case presently before the court. It is alleged further that Alfred P. Wieck had employed other counsel prior to the time the bank gained possession of the deed, but that he had been represented by H. A. Prince since that time. Plaintiffs' answer further alleges that the bank called Alfred P. Wieck to the bank, consulted with him and H. A. Prince, and that the bank through its officers assured Wieck and his wife that they "Needn't worry, this wasn't going to cost them anything."

The foregoing pleaded facts constitute collusion, sufficient to deny the right of interpleader under section 25-325, R. R. S. 1943. The plaintiffs had the right to offer evidence in support of the allegations and, if the allegations were established by sufficient proof, they were entitled to an order denying the right of the defendant bank to interplead. Unless such procedure be invoked at this stage of the proceedings it would amount to a recognition of the right of interpleader.

The defendant bank assumes the position that as it was a disinterested stakeholder it has no interest in the subject matter of the dispute, that it is entitled to interplead other claimants, deposit the deed with the court, and be discharged from further liability except that for costs and attorney's fees to be subsequently determined. While it is true that to interplead one must have no interest in the subject of the litigation other than to see

that it goes to the right claimant, the law imposes additional requirements upon the right to interplead other claimants and be released from further liability.

Interpleader, although authorized by statute, is an equitable remedy whereby a disinterested stakeholder in possession of property claimed by two or more persons may require them to litigate the claims of each without embroiling him in the controversy. Provident Savings & Loan Assn. v. Booth, 138 Neb. 424, 293 N. W. 293. The statute, section 25-325, R. R. S. 1943, protects a depository or escrow holder who interpleads in good faith from vexatious and expensive litigation. Farming Corporation v. Bridgeport Bank, *supra*. It is, in fact, a substitute for the common-law remedy by bill of interpleader. Hartford Life & Annuity Ins. Co. v. Cummings, 50 Neb. 236, 69 N. W. 782. It is a remedy for an innocent stakeholder who has no liability to any claimant of the property who is and has been perfectly indifferent and completely impartial between them.

The pleadings in the present case show that the defendant bank received the deed for inspection as an accommodation to it. Without any justifiable reason, so far as this record shows, it arbitrarily retained possession against the demands of these plaintiffs. By its own alleged wrongful conduct the defendant bank precipitated the litigation against itself. One who causes a dispute by his own wrongful act cannot claim the right to implead other defendants, deposit the property with the court, and be discharged. A wrongdoer may not cause litigation against himself by his own wrongful act and then seek refuge under the interpleader statute. If the allegations of the plaintiffs are true, the bank was protecting the Wiecks from any expense that might grow out of the litigation. This is not the position of an impartial and disinterested stakeholder.

"A wrongdoer is not entitled to maintain a bill for interpleader, since one seeking the advantages of a bill

of interpleader must show not only that he stands indifferent between the claimants and that he is without interest in the controversy to be waged between them, but that he is in the position of a mere innocent stakeholder or depository, and that no act on his part has caused the embarrassment of conflicting claims and the peril of double vexation." 30 Am. Jur., Interpleader, § 13, p. 223. See, also, 48 C. J. S., Interpleader, § 16, p. 57; Amos v. Angotti, 78 W. Va. 448, 88 S. E. 1094; Gulf Pipe Line Co. v. Warren (Tex. Civ. App.), 45 S. W. 2d 719; State ex rel. St. Louis Cooperage Co. v. Green (Mo. App.), 92 S. W. 2d 930.

In the early English case of Belcher v. Smith, 9 Bing. 495 (1832), the court on this subject said: "The act of parliament is not compulsory, but authorizes the interposition of the Court at its discretion upon proper occasions; and our duty is, to see that the party applying for the exercise of our discretion, has not voluntarily put himself into the situation from which he calls on the Court to extricate him. * * * Without applying the word *collude* in an offensive sense, we cannot avoid seeing that the defendant has placed himself in the situation in which he now stands, at the request, and with a view to the interest, of his nephew. The rule, therefore, must be Discharged."

We are of the opinion therefore that plaintiffs could properly test the right of the defendant bank to an order of interpleader by evidence; that the allegations of plaintiffs' answer, if established, were sufficient to establish collusion within the meaning of section 25-325, R. R. S. 1943; and that the court was in error in denying the right of plaintiffs to offer evidence in support of the allegations of their answer.

The question whether the order entered is a final order or merely interlocutory becomes important as to the disposition to be made of the case. We think that any contesting claimant to the property or funds in the hands of the stakeholder is entitled to question the right

to the interpleader. It is altogether possible that the answers of the respective impleaded defendants may assert allegations, if established, that destroy the right to interplead. In the present case, for instance, the impleaded defendants, the Wiecks, do not claim the deed involved in the suit of the plaintiffs against the defendant bank. They assert that they entered into a lease and option agreement with William J. Wiese in 1946. They allege that they have exercised the option and paid $3,000 thereon and that they are willing and able to pay the balance due. They allege, further, that the lease and option agreement misdescribe the premises and they pray that the lease and option agreement be reformed to show the real contract. The deed involved is not mentioned or claimed by their answer. If it be found that the same thing, debt, or duty is not claimed by the parties against whom the relief of interpleader is demanded, a question which we do not here decide, the court certainly has the authority, if the question be properly raised at that time, to set aside the order of interpleader. In other words, such order is interlocutory and subject to review on appeal when a final order is entered which is prejudicial to the claimed rights of one or more of the parties. The authorities on this subject are not numerous and are far from uniform in result. We think, however, that the following cases set out the correct rule.

In Miller v. Massachusetts Mut. Life Ins. Co., 183 Md. 19, 36 A. 2d 517, the controlling rules are stated to be: "Where the right to interplead is denied the plaintiff upon demurrer to the bill, there can be no question of the right of the plaintiff to appeal. Supra. And where the right to interplead has been denied and the bill for interpleader dismissed, after testimony, this court has entertained an appeal on the part of the plaintiff. Phillips v. Taylor, 148 Md. 157, 129 A. 18. We can, therefore, see no valid reason for denying the right of appeal to a defendant who has contested the right of the plaintiff to require the defendants to interplead by offering evidence

in support of the contention and has been unsuccessful, particularly in view of the fact that if the question is raised by demurrer to the bill the appeal will be entertained." The case of National Bank of New Jersey v. White, 93 N. J. Eq. 109, 115 A. 533, is authority for the following statement of the law: The usual so-called interlocutory decree is interlocutory only as between the claimants, but as between the stakeholder and the claimants it is a final decree in that it adjudicates the stakeholder's right to the remedy. In such a case the court, by the entry of the decree granting the relief to the stakeholder, has determined that the stakeholder is entitled to maintain interpleader. This is a final adjudication on the particular matter in controversy and consequently a final decree within the purview of section 25-1902, R. R. S. 1943.

In LaFayette-South Side Bank & Trust Co. v. Siefert, 223 Mo. App. 431, 18 S. W. 2d 572, the Missouri court stated the rule as follows: "The judgment appealed from in this case is a final judgment as between the plaintiff and all of the defendants concerning its right to require the defendants to contest between themselves their respective rights to the fund authorized to be deposited under the order of the court. It finally discharges the plaintiff from all further liability in the case and the plaintiff has absolutely no interest in the contest to be thereafter waged between the parties to the suit. After the entry of that order all further considerations relate wholly to the claims which the defendants may assert to the fund in question in which the plaintiff has no interest whatever. For the reasons thus assigned, we conclude that the judgment appealed from is such a final judgment as that this appeal may be maintained."

For the reasons herein stated the decree of the district court is reversed and the cause remanded for further proceedings in accordance with this opinion.

REVERSED AND REMANDED.