CONSERVATIVE SAVINGS & LOAN ASSOCIATION OF OMAHA, NEBRASKA, v. CITY OF OMAHA ET AL.

FILED APRIL 19, 1905.   No. 13,725.

1. **Equity:** PARTIES. When two or more parties claim the ownership of a fund in the hands of a third, an action in equity may be maintained to recover the fund and to litigate and determine the ownership of it, and all persons claiming the fund are necessary and proper parties to the action.

2. **Pleading:** DEMURRER. A minor recovered a judgment against the city of Omaha, which was afterwards assigned by her guardian to the plaintiff. The guardian was removed by the county court and one Crawford appointed in his place. Crawford claimed that the assignment of the judgment to the plaintiff was void and that it still belonged to the ward. Plaintiff brought an action against the city, the first guardian and his surety, and Crawford as guardian, to quiet the title to the judgment in the plaintiff. Demurrers were filed to the petition by the surety of the first guardian and by Crawford, both of which were

sustained. *Held,* That the demurrer was rightfully sustained as to the surety, but that Crawford was a necessary party to the determination of the ownership of the fund and his demurrer should have been overruled.

ERROR to the district court for Douglas county: IRVING F. BAXTER, JUDGE. *Reversed with directions.*

*Wharton & Baird & Sons,* for plaintiff in error.

*Crawford & Clarke, George E. Pritchett* and *Hall & McCulloch, contra.*

LETTON, C.

Naomi A. Ferguson, a minor, on April 14, 1900, recovered a judgment against the city of Omaha for $1,250 and costs, in an action for personal injuries received by her on the streets of said city. On April 18, 1900, her father, Charles T. Ferguson, filed a petition praying for his appointment as her guardian in the county court of Douglas county, and on the same day an order was entered by the county court appointing him guardian, upon his taking the oath and filing bond with security to be approved by the court. On the same day the oath of Charles T. Ferguson and a bond signed by Ferguson, as principal, and the American Bonding & Trust Company, as surety, were executed and filed, and on the 25th day of April the bond was approved and letters of guardianship issued. After the order appointing Ferguson guardian, and the execution of and filing the bond, but before its approval, Ferguson as guardian sold and assigned the judgment at its face value to the Conservative Savings & Loan Association of Omaha, plaintiff in error. On November 12, 1900, on the application of the surety on Ferguson's bond, the county court found that Ferguson held as guardian $833.35, for which, with interest, he and his bondsmen were liable, and entered an order removing Ferguson and appointing Frank Crawford as guardian.

49

After his appointment Crawford, as guardian, served a notice on the city of Omaha claiming to be the owner of the judgment, and in consequence the city has refused to pay the judgment to the plaintiff in error. After the refusal of the city of Omaha to pay the judgment, the plaintiff in error filed its petition in the district court for Douglas county making the city of Omaha, Ferguson and his surety, the American Bonding & Trust Company, and Crawford, as guardian, parties defendant, and alleging, in substance, the facts hereinbefore recited: That Ferguson has failed and neglected to pay over to Crawford, as guardian, the sum of $833.35 as required by the order of the county court; that Ferguson and his surety, the American Bonding & Trust Company, were liable to Crawford for said amount, and praying that it may be adjudged entitled to the full amount of the judgment against the city; that Ferguson and his sureties be declared legally liable to Crawford, as guardian, for the money of the ward in his hands; that the sale and assignment of the judgment from Ferguson to it be ratified and confirmed, and that the city of Omaha be ordered and directed to pay to the plaintiff the amount due on the judgment. A supplemental petition was also filed alleging an application upon its part to the county court of Douglas county for an order ratifying and confirming the sale by Ferguson to it of the judgment in controversy; the refusal of such order by the county court and the taking of an appeal therefrom, and praying for the ratification of said sale by this court. To these petitions Frank Crawford and the American Bonding & Trust Company filed general demurrers, which demurrers were sustained by the court and judgment of dismissal rendered. The city of Omaha and Ferguson made no appearance; their default was not taken, and no order was made relating to them in the case. From this judgment of dismissal the Conservative Savings & Loan Association prosecutes error.

The primary object of the suit was to declare the plaintiff entitled to recover the amount of the judgment from

the city of Omaha. The other relief prayed for, which was that Ferguson or his surety, the American Bonding & Trust Company, be compelled to pay Crawford, as guardian, the money remaining in his hands, was something with which the plaintiff had no concern. If it is the owner of the judgment, it has nothing to do with the relations between Ferguson and his successor, Crawford. In order to determine the question of the ownership of the fund to which the plaintiff lays claim, the only necessary parties are Crawford and the city of Omaha. The issue to determine is whether Crawford or the plaintiff is the owner of the fund which the city holds. The demurrer therefore was rightfully sustained as to the American Bonding & Trust Company. Crawford, however, is a necessary party to the determination of the ownership of the fund, and the demurrer as to him should have been overruled.

As the record stands there is no controversy between the city and the plaintiff. The city has made default in the action, and plaintiff seems to be entitled to a decree against it. If the city desires to avoid the contingency of being compelled to pay the amount of the judgment twice, it should appear and defend in the action by asking that the court determine the respective rights of the plaintiff and Crawford to the fund in its hands. There being no final judgment against the city, however, the judgment of the district court dismissing the case should be reversed and the cause remanded, with directions to dismiss the case as to the American Bonding & Trust Company, and for further proceedings as to Crawford and the city of Omaha in acordance with this opinion.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court dismissing the case is reversed and the cause remanded, with directions to dismiss the case as to the American Bonding & Trust

Company, and for further proceedings as to Crawford and the city of Omaha in accordance with this opinion.

REVERSED.