CITIZENS NATIONAL BANK OF WISNER, APPELLEE, V. MICHAEL MCNAMARA ET AL., APPELLEES: DANIEL H. MCNAMARA, EXECUTOR, APPELLANT.

FILED JULY 17, 1930. No. 27254.

A. R. Oleson and W. T. Thompson, for appellant.

C. C. Flansburg and Zacek & Nicholson, contra.

Heard before GOSS, C. J., DEAN, GOOD, THOMPSON and EBERLY, JJ., and THOMSEN, District Judge.

THOMPSON, J.

The Citizens National Bank of Wisner, appellee, hereinafter called the bank, instituted this action to have determined the ownership of two certificates of deposit, one for

$2,700 and the other for $5,000, issued by it to Michael McNamara, making him and his guardian parties to the suit, as well as the appellant individually, and the other appellees. Thereafter such McNamara died and the suit as to him was revived in the name of Daniel H. McNamara, executor of his estate, appellant, hereinafter referred to as executor. Such executor and the St. Joseph Church, hereinafter designated the church, each claimed to be the owner of the above certificates and entitled to the proceeds thereof, and joined issue thereon. The trial court found in favor of the church as to each certificate, together with interest, totaling $9,119.76. The executor appeals.

The issues joined by the executor and the church being as heretofore indicated, this action is one in equity as distinguished from one at law, and is controlled by sections 8549-8552, Comp. St. 1922, governing interpleader. *Shellenberg v. Fremont, E. & M. V. R. Co.*, 45 Neb. 487; *Hartford Life & Annuity Ins. Co. v. Cummings*, 50 Neb. 236; *Farming Corporation v. Bridgeport Bank*, 113 Neb. 323.

Under section 9150, Comp. St. 1922, entitled "Review on Appeals in Equity," it is made our duty "to retry the issue or issues of fact involved in the finding or findings of fact complained of upon the evidence preserved in the bill of exceptions, and upon trial *de novo* of such question or questions of fact, reach an independent conclusion as to what finding or findings are required under the pleadings and all the evidence, without reference to the conclusion reached in the district court or the fact that there may be some evidence in support thereof."

The bank claims no interest in the certificates other than that of a trust in the fund covered thereby, and brings such fund into court for distribution under its direction to the party entitled thereto. The church claims to be the owner of these certificates by reason of a claimed gift thereof to it by Michael McNamara, as evidenced by the indorsement made on each certificate by him, and denied that the executor is entitled thereto. The executor in his answer and cross-petition alleges that he is entitled to such certificates by reason of his trusteeship, and denies the claim of the

church. The church also insists that McNamara was of sound mind and memory at the time of the claimed transfer to it, and the executor denies this, and alleges that in truth and in fact such McNamara was of unsound mind, and that to the extent of his being incompetent to transact any business at the time of the claimed transfer and long prior thereto, and that in the transaction between McNamara and the church he was overreached by it and those acting for it. Thus, under the record, it becomes our duty to determine as between these contending parties.

The bill of exceptions consists of over 500 pages of typewritten matter. We have acquainted ourselves with its every content, and find: That McNamara was, at the time of the claimed gift of these certificates to the church, a man 84 years of age, and abnormally weak in both body and mind; that he did not intend to make a gift of such certificates to the church as by it alleged, or otherwise; that while it might not have been the intent of those dealing with him, in securing the claimed transfer of the certificates, to overreach him, they certainly did so; that the only intent of McNamara, if any intent he had, was to liquidate the balance of $3,000 owing by him on a previously promised subscription to the church of $5,000, on which he had paid $2,000; that he did not, by the transaction, vest the church with the title and ownership of such certificates, or the proceeds thereof; that in equity and good conscience the proceeds of these certificates belong to his estate. However, as it is evident that he owes the church the $3,000, and as it is quite plain from the record that it was his desire that the same be paid out of the proceeds of such certificates, and as to so pay the $3,000 meets with no objections from the executor, and as this court now has jurisdiction of the parties and the subject-matter, in order that full and complete justice may be here meted out, and this matter, so annoying to every party and person connected therewith, may be judiciously determined, it is considered by us that the judgment of the trial court be set aside, and that decree be entered providing that of the $9,119.76 paid into court the entire taxable costs of the trial court and this court be

first paid out of the same, then $3,000 of what remains be, by the clerk of the district court, paid to the church, and that the remainder thereof be paid to the executor; further, that the two certificates of deposit be, by the bank, marked paid and canceled, and then by such clerk returned to the bank to be made a part of its files. This conclusion is in perfect harmony with the appealing demand, reflected by the record, for the exercise of the chancery powers of this court.

The judgment of the district court is reversed and the cause remanded, with directions to enter decree in harmony with this opinion.

REVERSED.