PROVIDENT SAVINGS & LOAN ASSOCIATION, APPELLEE, V. EDWIN W. BOOTH ET AL., APPELLEES: SECURITIES INVESTMENT CORPORATION, APPELLANT.

293 N. W. 293

FILED JULY 12, 1940. No. 30824.

*Francis P. Matthews* and *William P. Kelley,* for appellant.

*Walker & McArthur, Robert S. Stauffer, Jay O. Rodgers* and *Phil L. Sidles, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER and MESSMORE, JJ.

ROSE, J.

This is a suit in equity in the form of a bill of interpleader. Provident Savings & Loan Association, plaintiff, alleges it has a credit of $274.19 on shares therein which it desires to pay into court for the owner thereof; that Edwin W. Booth and Securities Investment Corporation, defendants, are rival claimants to the credit; that plaintiff is unable to determine which of them has the valid claim; that plaintiff is a mere stakeholder without any interest in the fund, except the duty to turn it over to the owner; that it desires to avoid a multiplicity of suits and to be relieved of responsibility for the fund by paying it into court where defendants may be required to appear, plead and litigate their respective claims to a final determination.

Defendant Booth appeared and in his answer admitted the allegations of plaintiff's petition and alleged the Securities Investment Corporation had no interest in the credit at stake for reasons pleaded in his cross-petition which contains the following pleas: July 30, 1936, the Securities Investment Corporation was dissolved and on August 3, 1936, the Securities Investment Corporation, defendant, was incorporated by the same persons who owned and controlled the dissolved corporation; that such corporate action was taken for the purpose of defrauding Booth; that the new corporation succeeded to the property and rights of the old and assumed its liabilities and is in fact the same; that Booth purchased from the corporation, June 1, 1933, a tractor and trailer for $2,500 on false representations of the seller, with the right to return them if unsatisfactory and not as represented; that the tractor and trailer were not as represented and were tendered back, accepted and resold; that Booth paid on the purchase price $200 and assigned to the seller deposits of approximately $600 in building and loan associations—funds turned over to the seller. There is a prayer by defendant Booth for judgment for $800 with interest against the Securities Investment Cor-

poration, defendant, successor to the Securities Investment Corporation, and for an order on the clerk of the district court to turn over to Booth the fund paid into court.

The Securities Investment Corporation, defendant, answering plaintiff's petition, alleged that Booth purchased from the Motor Exchange and Refinance Company of Omaha, May 31, 1933, the tractor and trailer and encumbered them by chattel mortgage for $2,691 to secure the unpaid purchase price and, as additional security, assigned to the Securities Investment Corporation the deposit with plaintiff; that he failed to pay the chattel mortgage note and that there is due thereon a sum in excess of the fund mentioned in plaintiff's petition; that Booth's cause of action for fraud is barred by the statute of limitations, and prayed that the corporation be adjudged the owner of the credit and plaintiff ordered to make payment accordingly.

William L. Walker, trustee in bankruptcy, was substituted for Booth as a party defendant and interposed a general denial to unadmitted allegations of the corporation's answer.

The corporation filed a motion to strike from the cross-petition of Booth all matter therein except his claim for money paid into court. The motion was overruled and thereafter the corporation by reply denied unadmitted allegations of Booth's answer and cross-petition.

Upon a trial of the issues outlined, judgment was entered in the district court in favor of Walker, trustee substituted for defendant Booth, and against the corporation, for $1,-103.06, with an order on the clerk of the district court to turn over to trustee Walker for application on the judgment the fund paid into court by plaintiff. The Securities Investment Corporation has appealed.

The corporation insists that the judgment should be reversed on the ground that the relief granted to Booth and his successor in interest on the issue of fraud was barred by the four-year statute of limitations. After plaintiff instituted this suit and paid the deposit in its possession into court for the defendant entitled to it, the adverse litigants

were the defendant Booth and the defendant corporation. The petition of plaintiff gave notice of litigation between them. The corporation was summoned into court on the petition of plaintiff April 1, 1937, and subsequently appeared therein. Booth's cross-petition praying judgment against the corporation for damages on account of fraud perpetrated by it was filed April 1, 1937. The fraud was first discovered by Booth in June, 1933. The court in a former decision applicable to these facts, after citing cases, said:

"As between co-defendants, therefore, the rule is established that each is bound to take notice of such pleadings as shall be filed on or before the answer day named in the summons issued upon the original petition." *Arnold v. Badger Lumber Co.,* 36 Neb. 841, 55 N. W. 269.

This rule has been recognized in later decisions. It follows that the corporation had notice of the claim of Booth for damages before his answer day and notice of his cross-petition for redress before the time for bringing suit expired and that his cause of action for fraud was not barred by the statute of limitations.

The corporation argues that the judgment against it should be set aside on the ground that the fraud alleged, if committed, was chargeable to the dissolved corporation and not to the new defendant corporation. The evidence is clear that Booth purchased the tractor and trailer from the Securities Investment Corporation; that Motor Exchange and Refinance Company was another name for the defendant corporation; that the sale was the result of fraudulent misrepresentations of the seller on which the purchaser relied; that the implements did not serve the purpose for which they were sold; that the seller tried to remedy the defects and failed; that Booth returned them to the seller and demanded a return of the purchase price paid; that the seller took them back, resold them and refused to repay the consideration received from Booth. Defendant corporation did not escape liability for this fraud by mere dissolution and incorporation in the same name. In its answer to the

petition of plaintiff, the new corporation defendant claims the fruits of this fraud committed by its predecessor—the consideration received through the fraudulent sale; the building and loan association deposits or credits assigned by Booth as part of the purchase price; the unpaid purchase-money note secured by chattel mortgage on the identical tractor and trailer sold to him. The new corporation defendant is bound by its allegations disproving the defense that the fraud of the dissolved corporation is not chargeable to the new. The law has been recently stated as follows:

"A party may at any and all times invoke the language of his opponent's pleading, on which a case is being tried, on a particular issue, as rendering certain facts indisputable; and in doing this he is neither required nor allowed to offer such pleading in evidence in the ordinary manner." *Bonacci v. Cerra,* 134 Neb. 476, 279 N. W. 173.

The overruling of the motion to strike from the cross-petition of Booth all matters therein except his claim for the money paid into court is challenged as erroneous. This assignment of error seems to be based on the proposition that nothing but ownership of the fund paid into court is cognizable on a bill in the nature of interpleader, a remedy not preventing a jury trial on the issue of fraud in an action for damages. The controversy over the ownership of this fund grew out of the fraud pleaded by Booth. The character of the remedy by interpleader is indicated by the following rule:

"Where one, owing a debt which is claimed by two or more persons, lodges in the district court an application in due form, making the respective claimants of the debt parties to the proceeding, and at the same time brings into court money in an amount equalling such debt and interest, and prays for a determination of the true ownership of the fund and that such applicant be released, and where the respective claimants join issue thereon, such proceeding is one coming within the provisions of sections 8549-8552, Comp. St. 1922, governing interpleader." *Citizens Nat. Bank of Wisner v. McNamara,* 120 Neb. 252, 231 N. W. 781.

The suit is one in equity. The parties to the cause of action for fraud were before the court. A statute provides:

"The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights." Comp. St. 1929, sec. 20-323.

There was no necessity for multiplying litigation. The established rule of equity declares:

"When a court of equity has acquired jurisdiction of a cause for any purpose, it may retain it for all purposes, and proceed to a determination of all of the matters put in issue by the pleadings." *Disher v. Disher*, 45 Neb. 100, 63 N. W. 368; *Leis v. Beckmark*, 133 Neb. 467, 275 N. W. 679.

Error in the proceedings and judgment below has not been pointed out or found.

AFFIRMED.