BURKE LUMBER & COAL COMPANY, A CORPORATION, APPELLEE, V. RALPH ANDERSON ET AL., APPELLANTS, IMPLEADED WITH OLUF LAURITSEN, DOING BUSINESS AS LAURITSEN'S HARDWARE & ELECTRIC STORE, ET AL., APPELLEES.

76 N. W. 2d 630

Filed April 27, 1956. No. 33909.

*Richard E. Twohig,* for appellants.

*Rodney R. Smith,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This is an action brought for the foreclosure of a mechanic's lien. After decree, an interpleader issue involving a payment for a fire loss was injected into the case. The defendant Anderson is alleged to be the owner of the land involved. Other defendants are three alleged lienholders. Other defendants are husbands and wives alleged to have an interest in the property. Trial was had and decree was rendered. Defendant Anderson and defendant Hankins, an alleged lienholder, appeal.

We affirm the judgment of the trial court as to its foreclosure decree and reverse the judgment as to its decree involving the insurance feature.

We determine each appeal separately as each presents a different question. We first determine the appeal of defendant Hankins.

Plaintiff alleged its lien in the sum of $2,869.58 and interest, and prayed for foreclosure thereof.

Defendant Lauritsen answered, admitting the allegations of plaintiff's petition and by cross-petition alleged a mechanic's lien in the sum of $497.28 and interest, and prayed for foreclosure thereof.

Defendants Udell, husband and wife, answered dis-

claiming any interest in the property and praying for dismissal as to them.

Defendant Automatic Heating & Cooling Corporation filed an answer alleging that it was the owner of a mechanic's lien paramount and superior to the lien of the plaintiff. It prayed only for a dismissal of plaintiff's petition.

Defendant Hankins answered, denying generally, and by cross-petition alleged that he had a mechanic's lien on the premises for $1,543.72 which he claimed was a prior lien to that of the plaintiff. He prayed for judgment for $1,543.72 and "equity." On the day he filed the above pleading, another attorney filed for him an answer denying generally, and by cross-petition alleging the mechanic's lien and that it was equal in priority with that of the plaintiff and other lienholders. He prayed for foreclosure and a decree that his lien was equal in priority with that of plaintiff and other lienholders.

Defendant Anderson answered and, so far as material here, claimed credit for $500 alleged to have been paid the plaintiff, and also for a 10 percent contractor's discount. He prayed only for the proper credits on the account of plaintiff and for equitable relief.

In reply to defendant Hankins' answers and cross-petitions, plaintiff denied generally, and specifically denied that Hankins had any right to a lien. In reply to the answer of Anderson and to the answers and cross-petitions of Hankins, defendant Lauritsen denied generally.

By statement filed in the case, defendant Automatic Heating & Cooling Corporation admitted its lien was not filed in time and was invalid, and authorized a decree that it had no lien, and the case as to it was dismissed.

On May 16, 1955, the court rendered a decree on "the evidence * * * heretofore submitted."

The court decreed that plaintiff had a lien in the

sum of $3,037.76 with interest; that Lauritsen had a lien for $526.48 with interest; and that said liens were coordinate and superior to any other liens. It decreed that Hankins had a lien for $1,696.04 subject and subordinate to the coordinate liens of plaintiff and Lauritsen.

It ordered the sale of the property to pay the liens in the order named, balance, if any, payable to defendant Anderson.

Defendant Hankins moved for rehearing contending that the "facts and evidence" entitled his lien to equal priority with that of plaintiff and Lauritsen. The court considering this as a motion for a new trial, denied the motion on August 10, 1955.

A notice of appeal of the above, and matter later discussed herein, was filed September 8, 1955.

Defendant Hankins assigns error in the decree in that it did not accord his lien equal priority with that of plaintiff and Lauritsen.

A purported bill of exceptions of the trial of the foreclosure action is before us. It was prepared and delivered to counsel for Anderson and Hankins on October 14, 1955. This was within the time required by section 25-1140, R. R. S. 1943. It shows that it was delivered to counsel for plaintiff and Lauritsen on October 17, 1955. This was done within the time required by section 25-1140.03, R. R. S. 1943.

It was then filed on October 17, 1955, with the clerk of the district court. Whether that filing was had before or after the service upon counsel for plaintiff and Lauritsen does not appear. The clerk's certificate that it is the bill of exceptions is dated October 17, 1955.

In Wabel v. Ross, 153 Neb. 236, 44 N. W. 2d 312, we held that: "A transcript of the proceedings at the trial to constitute a bill of exceptions must be settled as provided by statute and 'filed with the papers in the case' in the office of the clerk of the district court where the case was brought and prosecuted. § 25-1140.06, R. R. S. 1943."

Here the only filing shown with the clerk of the district court was done before the bill had been settled. Obviously such a filing is not one contemplated by the requirement of the statute.

But the difficulty with the purported bill does not end there. The transcript shows that this foreclosure action was tried and the decree signed by Judge Frum. Judge Frum died. Judge Raun succeeded him. On November 4, 1955, Judge Raun settled the bill of exceptions. The parties did not stipulate as to the bill.

The Legislature has provided for the contingency that arose here by the death of Judge Frum. Section 25-1140.06, R. S. Supp., 1955, provides that it is the duty of the clerk to settle the bill in the case of the death of the judge before whom the cause was tried. That was not done here.

But the difficulty with the purported bill does not end there.

The certificate attached to the bill shows that it was returned by the attorney representing plaintiff and Lauritsen on December 15, 1955.

Section 25-1140.04, R. R. S. 1943, provides: "Within ten days after such submission, the adverse party may propose amendments thereto and shall return said bill with his proposed amendments to the other party or his attorney of record."

Obviously the purported bill was not returned within the time required by the statute.

This court held in Neighbors & Danielson v. West Nebraska Methodist Hospital, *ante* p. 33, 74 N. W. 2d 854, that: "* * * where no extension of time has been granted, as authorized by section 25-1140.07, R. R. S. 1943, the appellant is limited, from the date of filing notice of appeal, to 40 days to reduce the bill of exceptions to writing, to 10 days thereafter to serve the same on the adverse party, to an additional 10 days to procure its return, and 10 days thereafter to procure a settlement and allowance of the bill. In other words,

the bill must be prepared within 40 days after the filing of the notice of appeal, it must be served on the adverse party within 50 days thereafter, it must be examined and returned by the adverse party within 60 days, and it must be settled and allowed within 70 days. These limitations as to time are mandatory and they may not be waived. * * * The design of the statute is to allow a fixed time within which a bill of exceptions must be reduced in writing, served on the adverse party, returned, and submitted to the trial judge for settlement and allowance. The trial judge is without authority to allow a bill of exceptions not prepared in the manner and within the times fixed. Any attempt to allow a bill of exceptions not prepared in compliance with statutory authority is of no force and effect, and the lack of authority cannot be waived. The bill of exceptions must be prepared, served, returned, settled, and allowed in accordance with the statute. Its terms are mandatory. Consequently, a bill of exceptions which is not prepared in accordance with the statute will be quashed on motion of the adverse party. This court will also take judicial notice of the fact that a bill of exceptions was not prepared, served, returned, or settled and allowed within the time provided by statute, and therefore cannot be considered on appeal."

We are accordingly required to hold that the purported bill of exceptions was not returned, or settled and allowed as required by statute and cannot be considered in determining this appeal.

In Wabel v. Ross, *supra*, we held that: "In the absence of a bill of exceptions, it is presumed that an issue of fact raised by the pleadings was sustained by the evidence, that it was correctly determined, and if the pleadings are sufficient to support the judgment of the district court, it will be affirmed." See, also, National Fire Ins. Co. v. Evertson, 157 Neb. 540, 60 N. W. 2d 638; Caldwell v. Savage, 157 Neb. 603, 60 N. W. 2d 657.

The pleadings in this case are sufficient to support

the judgment in the foreclosure proceedings. The decree of foreclosure is accordingly affirmed.

We now go to the appeal of the defendant Anderson.

Four days after the decree was rendered, Joe Morten & Son, Inc., a Nebraska corporation, filed a statement in the case to the effect that it represented an insurance carrier on the property where Anderson was the insured; that the insurance carrier was responsible for a loss by fire of a building on the premises in the sum of $1,500; that it had a "check or draft" from the insurance carrier in the above amount payable to "Anderson, Walter J. Boyle and Emily H. Boyle"; and that it was unable to determine to whom the money should be paid. It deposited the "check or draft" with the court and prayed for a determination of the proper payee or payees.

The Boyles, or at least parties of the same name, were named as defendants in the foreclosure petition. The transcript does not show service upon them. The decree of May 16, 1955, recites that they failed to plead, were in default, and default was entered.

Plaintiff and Lauritsen filed a joint claim and prayed that "said $1,500.00" be applied to their judgment liens in proportion to the amounts of each.

Anderson filed a motion asking that the joint claim be dismissed and that the check be released "payable to" Anderson based on the grounds that the foreclosure action was in decree; that it had nothing to do with insurance; that Joe Morten & Son, Inc. was not a party to the action; and that the insurance money belonged to Anderson.

On August 10, 1955, the court heard the joint claim matter and oral argument "from the Council (sic) for Claimants and Council (sic) for Defendant's (sic)" Anderson and Hankins. The court decreed that the joint claim be allowed; and that the insurance proceeds "deposited" with the court payable to Anderson and defendants Boyle be paid pro rata to the joint claimants.

Defendant Anderson contends here that the court was without jurisdiction in the matter of the joint claim; that Joe Morten & Son, Inc. was not a party to the action; that there was "no Loss-payable clause on the policy"; and that he is accordingly entitled to this money.

At best the statement filed herein is a quite informal one as a bill of interpleader. The trial court evidently so considered it. The transcript shows that plaintiff and Lauritsen filed a claim to the insurance fund. It does not appear that Hankins made any filing. It does appear that counsel for Anderson and Hankins made "oral argument" to the court. There is here no showing that evidence was taken. The terms of the insurance policy are in no wise shown here.

It is assigned that the court erred in allowing the insurance agent's statement to be filed after the decree was rendered. No objection of that kind appears to have been made in the trial court. Anderson moved to dismiss the "joint claim" and invoked the jurisdiction of the court as to the check. Plaintiff, Lauritsen, Anderson, and Hankins made a general appearance and contested the issue in the trial court.

It need not be demonstrated that the trial court has jurisdiction of a bill of interpleader. As above pointed out, that jurisdiction in the manner in which it was invoked was not challenged.

This court has held that: "A general appearance in a cause vests the court with complete jurisdiction of the person of the defendant appearing." McGinley v. Union P. R. R. Co., 129 Neb. 855, 263 N. W. 393.

The rule is: Where the trial court has jurisdiction of the subject matter in dispute and parties enter a general appearance and invoke the decision of the court on the merits of the controversy, in the absence of error being made to appear upon the record, the judgment will be upheld. Bedford v. Ruby, 17 Neb. 97, 22 N. W. 76; Independent Elevators v. Davis, 116 Neb. 397, 217

N. W. 577. In the latter case we said: "The facts of this case and the procedure followed are most unusual, if not unique, * * *." As we there said, so we hold here that the conclusion above announced is based upon general principles and finds support in the decisions cited.

But does error appear on the record? We find that it does.

It is assigned that the court erred "in allowing the insurance money to be paid" to plaintiff and Lauritsen "after the case was in decree."

We sustain the assignment for reasons other than above given.

It appears from the statement filed by the agent of the insurance carrier that Walter J. Boyle and Emily H. Boyle had an interest or possible interest in the insurance payment sufficient to cause the insurance carrier to place their names on the "check or draft" as payees along with Anderson. The trial court recognized that fact in its decree and undertook in the decree to deny Boyles any part of the proceeds of the insurance.

Default was entered against the Boyles in the foreclosure decree before this interpleader proceeding began. They are not shown to have been served with process or to have appeared in this proceeding.

In Provident Savings & Loan Assn. v. Booth, 138 Neb. 424, 293 N. W. 293, we held that: "A bill of interpleader is an equitable remedy in harmony with statutory provisions, whereby a disinterested stakeholder in possession of a fund or other property claimed by each of rival defendants may require them to litigate among themselves the issue of ownership without embroiling him."

In the body of the opinion it is made clear that the claimants of the fund should be made parties to the proceeding. See 48 C. J. S., Interpleader, § 24, p. 70. See, also, Conservative Savings & Loan Assn. v. City

of Omaha, 73 Neb. 720, 103 N. W. 286, wherein we held that: "When two or more parties claim the ownership of a fund in the hands of a third, an action in equity may be maintained to recover the fund and to litigate and determine the ownership of it, and all persons claiming the fund are necessary and proper parties to the action."

In Cunningham v. Brewer, on rehearing, 144 Neb. 218, 16 N. W. 2d 533, we held that: "When the determination of a controversy cannot be had without the presence of new parties to the suit, the statute directs the court to order them to be brought in. Comp. St. 1929, sec. 20-323. (Now § 25-323, R. R. S. 1943.)

"Indispensable parties to a suit are those who not only have an interest in the subject matter of the controversy, but also have an interest of such a nature that a final decree cannot be made without affecting their interests, or leaving the controversy in such a condition that its final determination may be wholly inconsistent with equity and good conscience.

"When it appears that all indispensable parties to a proper and complete determination of an equity cause were not before the district court, the supreme court will remand the cause for the purpose of having such parties brought in even though no proper objection was made by any party litigant."

Accordingly, the judgment of the trial court rendered on August 10, 1955, hereinabove considered is reversed and the cause is remanded for further proceedings.

Implicit in the necessity for a remand is the correction of another patent error in this proceeding.

The insurance agent, for the insurance carrier, tendered into court a "check or draft" in the amount of $1,500 payable to Anderson and the Boyles, and stated he was unable to determine to whom the money should be paid. He prayed for a determination of the proper payee or payees. Plaintiff and Lauritsen claimed the

"said $1,500.00." Anderson moved that the check "be released payable to" him. The court ordered the "insurance proceeds as heretofore deposited with this Court * * * payable to * * *" Anderson and the Boyles, to be paid to plaintiff and Lauritsen.

So far as shown here the check payable to the three parties is all that was ever deposited with the court.

It is the intent of section 25-325, R. R. S. 1943, upon interpleader by a stakeholder, that the stakeholder should pay the money held by the stakeholder into court or aver a willingness to pay it into court so that the court has control of the fund and its order as to the disposition may be made effective. The court has the right to require the deposit of the fund involved as a condition precedent to a determination of the issue as to whom it shall be paid.

In 48 C. J. S., Interpleader, § 26, p. 74, the rule is stated as follows: "On an interpleader the stakeholder may deposit the fund or property into court, and ordinarily he is required to make, or to offer to make, such a deposit." See, also, 30 Am. Jur., Interpleader, § 24, p. 231.

Here the court's order provides for the distribution of the "insurance proceeds." The court does not have control of those proceeds. Its order is ineffective and erroneous.

The judgment of the trial court as to the foreclosure proceedings is affirmed.

The judgment of the trial court as to the interpleader is reversed and the cause remanded for further proceedings.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED WITH DIRECTIONS.