JAMES S. CLINTON, APPELLANT, V. FARWELL IRRIGATION DISTRICT ET AL., APPELLEES.

417 N.W.2d 1

Filed December 18, 1987.   No. 86-169.

Leo A. Knowles and William F. Hargens of McGrath, North, O'Malley & Kratz, P.C., for appellant.

Steven G. Seglin and Leroy W. Orton of Crosby, Guenzel, Davis, Kessner & Kuester, for appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

BOSLAUGH, J.

This was an action to recover for seepage damage to a tract of farmland in Howard County, Nebraska, owned by the plaintiff, James S. Clinton. The amended petition alleged that the damage was caused by water seeping from an irrigation canal operated and maintained by the defendants, Farwell Irrigation District and Loup Basin Reclamation District. The amended petition further alleged that the Farwell Canal and its laterals ran within a half mile of the plaintiff's property. The plaintiff claimed $5,000 for crop loss in 1984 and $80,000 for diminution in the market value of the land.

The defendants' answer denied that the Loup Basin Reclamation District is an irrigation district and denied that the Farwell Canal runs within a half mile of the plaintiff's property. The answer also alleged that the plaintiff's land was not suitable for irrigated row crop production and that the conversion of the land from grassland to such production caused or contributed to any damages sustained by the plaintiff. The answer further alleged that the U.S. Department of the Interior, Bureau of Reclamation (United States), owned a perpetual easement for "a grassed waterway to seep, flow and flood water over and across" a portion of the plaintiff's land; that the plaintiff had damaged or destroyed the grassed waterway, which caused or contributed to any damages sustained by the plaintiff; and that the plaintiff should be required to restore the grassed waterway. Later, the answer was amended to allege that the United States

was an indispensable party, and the defendants moved for an order requiring the plaintiff to join the United States as a party, or to dismiss the amended petition for failure to join an indispensable party.

On October 16, 1985, the trial court found that the United States was an indispensable party and ordered the plaintiff to join the United States as a party defendant within 30 days. On February 7, 1986, the amended petition was dismissed without prejudice for failure to join an indispensable party. From that order the plaintiff has appealed.

The plaintiff contends that the trial court erred in finding that the United States was an indispensable party to the action.

Neb. Rev. Stat. § 25-323 (Reissue 1985) provides:

The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a determination of the controversy cannot be had without the presence of other parties, the court must order them to be brought in.

We have held:

" ' "Indispensable parties to a suit are those who not only have an interest in the subject matter of the controversy, but also have an interest of such a nature that a final decree cannot be made without affecting their interests, or leaving the controversy in such a condition that its final determination may be wholly inconsistent with equity and good conscience. . . ." ' "

*Koch v. Koch*, 226 Neb. 305, 312, 411 N.W.2d 319, 323 (1987), citing *Johnson v. Mays*, 216 Neb. 890, 346 N.W.2d 401 (1984); *Burke Lumber & Coal Co. v. Anderson*, 162 Neb. 551, 76 N.W.2d 630 (1956).

As we understand the defendants' argument, the easement which the United States owns is for the benefit of the defendants and, apparently, includes some of the same land which the plaintiff alleges was damaged by seepage. Assuming that to be true, that does not make the United States an indispensable party to this action.

The plaintiff is not seeking relief against the United States, and a determination of liability and damages between the

plaintiff and the defendants will not affect the United States' interest in the plaintiff's property nor its rights under the easement.

"[W]hen relief can be granted to a party without affecting the United States, the government usually will not be held to be indispensable to the action." 7 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure: Civil § 1617 at 245-46 (2d ed. 1986).

"A joinder issue often arises in actions in which there are third-party beneficiaries to the disputed contract. In cases in which the beneficiary is a party, the courts uniformly reject the argument that all of the original parties to the contract must be joined." *Id.* at § 1613 at 186. The district court in *Central States, etc. v. Kraftco, Inc.*, 527 F. Supp. 420, 421 (M.D. Tenn. 1981), *rev'd on other grounds* 683 F.2d 131 (6th Cir. 1982), stated that "[w]here contractual rights are involved . . . and where third party beneficiaries are parties, the Courts have rejected the argument that all of the original parties to a contract must be joined." See, also, *Capital Fire Ins. Co. of California v. Langhorne*, 146 F.2d 237 (8th Cir. 1945).

In Nebraska, an action on a third-party beneficiary contract may be brought by the contracting party or by the beneficiary. See, Neb. Rev. Stat. § 25-304 (Reissue 1985); *Brown v. Globe Laboratories, Inc.*, 165 Neb. 138, 84 N.W.2d 151 (1957); *Dworak v. Michals*, 211 Neb. 716, 320 N.W.2d 485 (1982). Generally, in an action brought by a third-party beneficiary, the original contracting party is not an indispensable party.

The order dismissing the amended petition was erroneous. The judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.