740 N.W.2d 613 (2007)
16 Neb. App. 35
FIRST NATIONAL BANK NORTH PLATTE, Trustee, Appellee
v.
James and Mary SHEETS et al., Appellees, and
First National Bank South Dakota, Appellant.
No. A-07-632.
Court of Appeals of Nebraska.
October 16, 2007.
*616 Kirk E. Brumbaugh and Cory J. Rooney, of Brumbaugh & Quandahl, P.C., L.L.O., Omaha, for appellant.
No appearance for appellees.
INBODY, Chief Judge, and CARLSON and CASSEL, judges.
*614 CASSEL, Judge.

INTRODUCTION
We consider the motion for rehearing filed by First National Bank South Dakota (FNB South Dakota) in response to our summary dismissal of the appeal for lack of jurisdiction. In this interpleader action, the complaint named multiple parties defendant, including one over which no jurisdiction had been obtained at the time of the district court's order determining the defendants' rights to the property. Because the action was commenced but never disposed as to that party, the order from which FNB South Dakota attempted to appeal was not a final judgment. We overrule the motion.

BACKGROUND
First National Bank North Platte (FNB North Platte) filed a "Complaint in Interpleader." The complaint was filed on January 3, 2007, and named six defendants: James Sheets; Mary Sheets; Credit Bureau of North Platte, Inc., doing business as Professional Collection Service (Professional); Greenwood Trust Company (Greenwood); Unifund CCR Partners (Unifund); and FNB South Dakota. The complaint alleged that FNB North Platte had made a loan to James Sheets and Mary Sheets secured by a deed of trust upon certain real estate in North Platte and that the Sheetses had defaulted on the loan. FNB North Platte exercised its power of sale under the deed of trust, selling the real estate subject to unpaid real estate taxes and realizing sale proceeds of $25,109.75 in excess of the amount necessary to satisfy the indebtedness secured by FNB North Platte's deed of trust. The *617 complaint alleged that each of the defendants may claim some right, title, or interest in the excess sale proceeds. FNB North Platte alleged that the Sheetses may be entitled to claim a homestead exemption under Neb.Rev.Stat. § 40-101 (Reissue 2004). It alleged that each of the other defendants may claim an interest pursuant to various judgments specifically alleged in the complaint.
FNB North Platte requested issuance of summons only as to the Sheetses, apparently relying upon voluntary appearances by the remaining defendants. Except for Greenwood, each of the defendants voluntarily appeared and filed pleadings asserting their claims to the excess sale proceeds. Greenwood filed no voluntary appearance or pleading, and no process was issued or served against Greenwood.
On March 13, 2007, FNB North Platte filed a motion to allow payment of the proceeds into court. On April 23, the district court conducted a hearing on this motion at which each of the parties was represented in some manner, except for Greenwood. By order entered April 25, the court authorized FNB North Platte to pay proceeds of $25,232.42 to the court clerk and held that "upon such payment [FNB North Platte] shall be dismissed as a party to the case." The order further provided, "Upon receipt of collected funds, the [court clerk] is authorized to pay [the Sheetses] the sum of $12,500.00 representing their [h]omestead [e]xemption claim, and upon such payment the [Sheetses] shall be dismissed." Trial of the remaining issues was set for May 15.
On April 25, 2007, Professional filed a motion for summary judgment. On May 7, FNB South Dakota filed a motion for summary judgment. On May 15, the district court conducted a hearing on the motions for summary judgment. By order entered on May 16, the court determined that FNB South Dakota's judgment had become dormant and ceased to be a lien upon the real estate, that one of Professional's judgment liens had first priority to the remaining proceeds, that Unifund's judgment lien had second priority and would exhaust the proceeds, and that no funds would be available regarding Professional's other judgment lien. The court sustained Professional's motion for summary judgment, overruled FNB South Dakota's motion for summary judgment, and directed the court clerk to disburse the remaining proceeds, part to Professional and the remainder to Unifund.
On June 7, 2007, FNB South Dakota filed its notice of appeal and deposited the statutory docket fee. On July 10, this court dismissed the appeal for lack of jurisdiction, citing Neb.Rev.Stat. § 25-1315 (Cum.Supp.2006) and Malolepszy v. State, 270 Neb. 100, 699 N.W.2d 387 (2005), as authority supporting the dismissal. This court noted that there was "no final appealable order as to Greenwood . . . and [the Sheetses]." On July 20, FNB South Dakota filed a motion for rehearing accompanied by a brief, which we discuss below.

ASSIGNMENT OF ERROR
[1, 2] In its brief on rehearing, FNB South Dakota assigns that this court erred in summarily dismissing the appeal as not being taken from a final, appealable order.

STANDARD OF REVIEW
For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken; conversely, an appellate court is without jurisdiction to entertain appeals from nonfinal orders. Pfeil v. State, 273 Neb. 12, 727 N.W.2d 214 (2007). A jurisdictional question which does not involve a factual dispute is determined *618 by an appellate court as a matter of law. Cumming v. Red Willow Sch. Dist. No. 179, 273 Neb. 483, 730 N.W.2d 794 (2007).

ANALYSIS

Summary Dismissal.
This court's summary dismissal identified two jurisdictional issues. First, we observed that the April 25, 2007, order directed that the Sheetses were to be dismissed as defendants upon disbursement of their $12,500 homestead exemption. We viewed this as a conditional order and found in the record no subsequent order actually dismissing the Sheetses.
Second, we noted no disposition of Greenwood as a party to the case. The record shows that no process was ever served upon Greenwood; nor did Greenwood file a voluntary appearance or any pleading. We reasoned that under § 25-1315, an order or other form of decision, however designated, which adjudicated the rights and liabilities of fewer than all of the parties shall not terminate the action as to any of the parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating the rights and liabilities of all of the parties. In other words, the order was interlocutory. We noted the decision of the Nebraska Supreme Court in Malolepszy v. State, supra, which interpreted § 25-1315 to require an explicit adjudication with respect to all claims and parties in the action. We digress to note that none of the orders in the district court purport to make the express determination that there is no just reason for delay, and the express direction for the entry of judgment, contemplated by § 25-1315(1).

Arguments for Rehearing.
In FNB South Dakota's brief in support of its motion for rehearing, FNB South Dakota argues that the "granting of summary judgment in favor of [Professional] was a final order that determined the rights to the remaining proceeds." Brief for appellant on motion for rehearing at 2. Relying upon Neb. Rev. Stat. § 25-1902 (Reissue 1995), FNB South Dakota argues that "determining the allocation of the remaining proceeds affected a substantial right in all of the remaining parties because there was no money left to be dispersed [sic]." Brief for appellant on motion for rehearing at 3. FNB South Dakota reasons, "When the summary judgment was granted in favor of [Professional], the judgment was granted against all of the remaining parties, whether or not they filed a response or pleading contesting the judgment." Id. FNB South Dakota asserts that the Sheetses "were dismissed from the lawsuit." Id. at 4. It acknowledges that Greenwood "never filed an answer or participated in the proceedings." Id. It argues that the order granting summary judgment and determining to which parties the remaining funds were to be disbursed was a final, appealable order.

Nature of Interpleader.
[3, 6] The answers to these jurisdictional questions depend upon the nature of an action in interpleader, a question infrequently discussed in Nebraska jurisprudence. Interpleader, although authorized by statute, is an equitable remedy whereby a disinterested stakeholder in possession of property claimed by two or more persons may require them to litigate the claims of each without embroiling him or her in the controversy. Strasser v. Commercial Nat. Bank, 157 Neb. 570, 60 N.W.2d 672 (1953). The claimants of the fund should be made parties to the proceeding. See Burke Lumber & Coal Co. v. Anderson, 162 Neb. 551, 76 N.W.2d 630 (1956). When two or more parties claim *619 the ownership of a fund in the hands of a third, an action in equity may be maintained to recover the fund and to litigate and determine the ownership of it, and all persons claiming the fund are necessary and proper parties to the action. Id. When the determination of a controversy cannot be had without the presence of new parties to the suit, Neb.Rev.Stat. § 25-323 (Cum.Supp.2006) directs the court to order them to be brought in. Burke Lumber & Coal Co. v. Anderson, supra.

Sheetses.
[7] With these general principles in mind, we first turn to the resolution of the action against the Sheetses. Upon further consideration, we determine that the April 25, 2007, order directing dismissal of the Sheetses upon payment of the sum of $12,500 represents no barrier to appellate jurisdiction. The order in our transcript bears the clerk's endorsement, dated April 26, 2007, reciting that a check for $12,500 was paid to the Sheetses and mailed to their attorney on that date.
[8] Generally, final judgments must not be conditional, and unless there is an equitable phase of the action wherein it is necessary to protect the interests of defendants, a conditional judgment is wholly void. Lemburg v. Adams County, 225 Neb. 289, 404 N.W.2d 429 (1987). We find the conditional judgment rule inapplicable for at least two reasons.
[9, 10] First, in Custom Fabricators v. Lenarduzzi, 259 Neb. 453, 610 N.W.2d 391 (2000), the Nebraska Supreme Court explained that a conditional interlocutory order is not wholly void; rather, conditional orders have no force and effect as a final order or a judgment from which an appeal can be taken. Unlike the situation in Malolepszy v. State, 270 Neb. 100, 699 N.W.2d 387 (2005), where the trial court's order was silent concerning the disposition of a third-party claim, in the instant case, the trial court's April 25, 2007, order expressly disposed of the Sheetses' interest in the excess proceeds and directed that upon payment of that interest, they would be dismissed. To the extent that this order was conditional, the condition clearly was fulfilled on the next day after entry of the order.
[11] A conditional interlocutory order cannot mature into a final, appealable order without further court consideration regarding the task or obligation that was purportedly not met. Custom Fabricators v. Lenarduzzi, supra. The Nebraska Supreme Court explained that this is so because parties should not be left to guess or speculate as to the final effect of a conditional interlocutory order. In the instant case, however, the condition did not depend upon some future performance or nonperformance by one of the parties to the action; rather, it depended solely upon the performance of a ministerial act by a court official in execution of the express terms of the interlocutory order.
[12] In effect, the April 25, 2007. order represented a determination not that the Sheetses be dismissed, but that the Sheetses' interest in the excess proceeds was limited to $12,500 and that their claims would be satisfied by the clerk's distribution. Whether a writing claimed to be a "judgment" is sufficient for that purpose depends more on its substance than its form. Havelock Bank v. Woods, 219 Neb. 57, 361 N.W.2d 197 (1985), overruled on other grounds, Nielsen v. Adams, 223 Neb. 262, 388 N.W.2d 840 (1986). The substance of the April 25 order determined the Sheetses' interest in the fund and the disposition of $12,500 of the fund.
[13] Second, in Strunk v. Chromy-Strunk, 270 Neb. 917, 708 N.W.2d 821 (2006), the Nebraska Supreme Court held *620 that the void conditional judgment rule does not extend to actions in equity or to equitable relief granted within an action at law. As we observed at the outset, an action in interpleader is equitable in nature. Thus, the district court's April 25, 2007, order was not automatically void.
Thus, the court's action with respect to the Sheetses constitutes no barrier to appellate review. However, because of the situation concerning Greenwood, we nonetheless lack jurisdiction of the appeal.

Greenwood.
[14, 15] The Nebraska Supreme Court has never determined whether an interpleader action constitutes an action in rem or in personam. FNB South Dakota argues that the court's May 16, 2007, order applied to Greenwood despite Greenwood's never having been served with process or making a voluntary appearance. This argument implicitly asserts that the action was in rem and that when the court determined the disposition of the fund, it rendered a final order as to all parties, even a party over which no personal jurisdiction had been obtained.
In order to warrant an interpleader, the court must have jurisdiction of the subject matter in controversy, and of the parties making adverse claims to the subject matter. The court does not have jurisdiction over persons who are not parties to the proceeding, and jurisdiction in interpleader can only extend to the fund deposited in court and cannot embrace in personam jurisdiction on the issues of liability that go beyond the fund. However, where the court has jurisdiction of the subject matter of the suit, it may be entitled to decide issues relating to the res even though jurisdiction of the litigants cannot be obtained.
48 C.J.S. Interpleader § 21 at 114-15 (2004).
We reject FNB South Dakota's argument relating to Greenwood for at least two reasons. First, the decision in Burke Lumber & Coal Co. v. Anderson, 162 Neb. 551, 76 N.W.2d 630 (1956), suggests that the Nebraska Supreme Court would treat an equitable proceeding in interpleader as an action in personam or, at least, not as one purely in rem. The court stated:
"When two or more parties claim the ownership of a fund in the hands of a third, an action in equity may be maintained to recover the fund and to litigate and determine the ownership of it, and all persons claiming the fund are necessary and proper parties to the action."
Id. at 561, 76 N.W.2d at 637-38, quoting Conservative Savings & Loan Ass'n v. City of Omaha, 73 Neb. 720, 103 N.W. 286 (1905). FNB North Platte alleged that Greenwood has an interest in the property. If, as the Burke Lumber & Coal Co. decision suggests, Greenwood is a necessary party, the action could not proceed without Greenwood.
Second, FNB North Platte has already determined to make Greenwood a party. By filing the action naming Greenwood as a defendant, FNB North Platte commenced the action against Greenwood. See Neb.Rev.Stat. § 25-217 (Cum.Supp. 2006). Although under § 25-217, the action stands dismissed without prejudice as to any defendant not served within 6 months from the date the complaint was filed, the 6-month period was still running at the time of the May 16, 2007, order. As of May 16, Greenwood remained a party even though the district court had not acquired personal jurisdiction over that party. Because FNB North Platte's complaint was filed on January 3, as of the date of FNB South Dakota's attempt to appeal to this court, Greenwood remained a party which had not been subjected to personal jurisdiction. The district court had no power to make a final judgment, which would necessarily affect Greenwood's *621 interest in the property, while Greenwood remained a party but was not subject to the court's personal jurisdiction.
Under the general authority quoted above, it may be possible to proceed where personal jurisdiction over a defendant cannot be obtained. However, on the state of the record before us, there is no basis to state that personal jurisdiction over Greenwood could not have been obtained. The record shows no attempt to effect service of process upon Greenwood, and it has not entered any voluntary appearance. We cannot assume from a silent record that personal jurisdiction over Greenwood could not be obtained.

CONCLUSION
At the time of filing of FNB South Dakota's notice of appeal, Greenwood remained a party to the interpleader action, and its interests had not been, and could not have been, determined by the district court's May 16, 2007, order. Thus, the district court's order was not final because it did not finally determine the rights of all parties to the action. This court lacks jurisdiction over this appeal and properly dismissed the appeal.
MOTION FOR REHEARING OVERRULED.